IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JOE MASON ALLEN                                                                                                    PLAINTIFF

v.                                           Civil No. 5:21-cv-05098

JUDGE MARK LINDSAY;
PROSECUTOR DENNIS DEAN;
SHERIFF TIM HELDER, Washington County,
Arkansas; CLERK KYLE SYLVESTER;
STATE OF ARKANSAS; and
WASHINGTON COUNTY, ARKANSAS                                                          DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. The case is before the Court for preservice screening of the Complaint (ECF No. 1) under 28 U.S.C. § 1915A. Pursuant to § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

### I.     BACKGROUND

Plaintiff, Joe M. Allen ("Allen"), currently an inmate of the Washington County Detention Center ("WCDC"), filed this *pro se* civil rights action under 42 U.S.C. § 1983. Allen proceeds *pro se* and *in forma pauperis* ("IFP").

According to the allegations of the Complaint (ECF No. 1), Allen has been incarcerated in the WCDC since February of 2020. *Id.* at 3. Allen asserts he is being held under coercion and duress with an excessive bail in the amount of $275,000. *Id.* Allen's booking sheet indicates he has three pending failure to appear charges in the Washington County Circuit Court; the first two

1

charges have a bond of $100,000 each; and the third charge has a bond of $75,000.[1]  Allen also has pending a terroristic threatening charge, a number of possession with intent to deliver a controlled substance charges, a delivery of a controlled substance charge, a number of possession of a controlled substance charges, a resisting arrest charge, a tampering with physical evidence charge, a refusal to submit to arrest charge, and the unlawful use of a communication device charge.[2]  Allen also indicates his probation was revoked in February of 2020.  *Id.*

Allen has set forth seven claims.  He names all Defendants as having been involved in each of the claims.  He sues the Defendants in both their individual and official capacities.

Allen's first claim is that the amount of bail is excessive in violation of the Eighth Amendment of the United States Constitution and Article 2, Section 9, of the Arkansas Constitution.  (ECF No. 1 at 19-20).

Allen's second claim is for involuntary servitude in violation of Article 2, § 27 of the Arkansas Constitution and in violation of his civil rights.  *Id.* at 20-21.  He alleges he is being held in "peonage in debt bondage under coercion and duress."  *Id.* at 20.  He further alleges he is the "victim of deception, cruelty, and kidnapping."  *Id.*

Allen's third claim is that he is being "deseized of [his] estate and destroyed and deprived of [his] life, liberty, and property."  (ECF No. 1 at 21).  He alleges these acts are in violation of Article 2, § 21 of the Arkansas Constitution and of his civil rights.  *Id.* at 21-22.

Allen's fourth claim is that he has been deprived of his "freedom, independence, inherited

---

[1] This information is publicly available on the WCDC website.
https://www.so.washington.ar.us/res/Detainee.aspx?bn=4226368 (accessed June 22, 2021).
[2] This information is publicly available on the criminal court docket sheets.
https://caseinfo.arcourts.gov/cconnect/PROD/public/ck_public_qry_cpty.cp_personcase_details_idx (accessed June 24, 2021).

and inalienable rights" in violation of Article 2, § 2 of the Arkansas Constitution and of his civil rights. (ECF No. 1 at 6-7). He alleges that he has been "deprived of enjoying and defending life and liberty; of acquiring, possession and protecting property, and reputation; and of pursuing [his] own happiness." *Id.* at 6.

Allen's fifth claim is that he has been denied "[r]edress of wrongs" in violation of Article 2, § 13 of the Arkansas Constitution and of his civil rights. (ECF No. 1 at 7-8). Specifically, he alleges Defendants "are knowingly taking advantage of a consumer who is reasonabl[y] unable to protect his or her best interest[s] because of ignorance, illiteracy, and inability to understand the language of the agreement which is [a] deceptive and unconscionable trade practice." *Id.* at 7.

Allen's sixth claim is that he is being denied a speedy trial in violation of Article 2, § 19 of the Arkansas Constitution and of his civil rights. (ECF No. 1 at 8-9). He alleges he has "been denied [his] rights to liberty." *Id.* at 9. He maintains he has lost time, family, money, companionship, and enjoyment. *Id.*

Allen's seventh claim is that the Defendants "violated the US Const. 1-10." (ECF No. 1 at 9). When asked to describe the acts or omissions of the Defendants, Allen responded: "defendant(s) issued securities, bonds, warrants, obligations, liens, and other forms of indebtedness and pursuant to US Const. 1-10 only gold & silver is tender payment for debt." *Id.* at 10.

Allen has also attached to the Complaint three letters. (ECF No. 1 at 11-17). In the letters he repeats the allegations of the Complaint and asserts, among other things, the following: he does not consent for the State or any of its agencies to care for him or have custody of his estate; he is no longer an impaired or incapacitated adult; he is conscious of the special maritime and territorial

3

jurisdiction as set forth in 18 U.S.C. § 7;[3] a lien has been placed against his property; the Circuit Court is a bank or trust under Arkansas law;[4] quotations from a speech given by Richard Henry Lee to the Second Continental Congress on June 7, 1776;[5] a debt may only be paid by gold or silver coin; a declaration that he is no longer a United States citizen and does not authorize or consent to the jurisdiction of the United States; a quotation from the preamble to the Declaration of Independence; references to the Bill of Rights; and that the United States has been in bankruptcy since 1933.

## II. LEGAL STANDARD

Under § 1915A, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988); *Spencer*

---

[3] The special maritime or territorial jurisdiction of the United States is defined to include vessels on the high seas and any other waters outside the jurisdiction of any particular state, any vessel being on a voyage upon the Great Lakes or the Saint Lawrence River, any lands acquired for the erection of any fort, magazine, arsenal etc., any Guano Islands, any aircraft belonging to the United States or citizen thereof when flying over the high seas or any other waters in the maritime jurisdiction, any space vehicle on the registry of the United States, any place outside the jurisdiction of any nation with respect to an offense committed by or against a national of the United States, any foreign vessels during a voyage to or from the United States, and any offense committed by or against a national of the United States on the premises of United States diplomatic, consular, military, or other United States Government missions and residences in foreign States used for purposes of those missions. Clearly, none of the subsections apply here.

[4] Allen cites to Ark. Code Ann. § 28-69-202, which allows any trust department of a state bank, national bank, or trust company to establish common funds for the purpose of investment. The bank or trust company is not required to render court accountings unless ordered to do so. However, the bank or trust company may make application for approval of an accounting.

[5] Lee put forth a motion to the Continental Congress which called for independence from Great Britain.

*v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up). However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. DISCUSSION

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) each defendant acted under color of state law, and (2) that he or she violated a right secured by the constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999).

#### A. Judge Mark Lindsay

Judge Mark Lindsay is the Circuit Judge who is presiding over the criminal proceedings brought against Allen in the Washington County Circuit Court. Judges are generally immune

from lawsuits. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("judicial immunity is an immunity from suit, not just from ultimate assessment of damages"). Judicial immunity is only overcome in two situations: (1) if the challenged act is non-judicial; and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11; *see also Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction.") (internal citations omitted).

The only allegations Allen has made against Judge Lindsay are that Allen's bail is excessive and he has been denied a speedy trial. Both are objections to judicial actions taken by Judge Lindsay in handling the criminal cases pending against Allen. Allen has made no allegations that Judge Lindsay took any actions that were non-judicial or taken without jurisdiction. Allen's claims against Judge Lindsay fail as he is immune from suit.

### B. Prosecutor Dennis Dean

Allen's claims against Prosecutor Dennis Dean must be dismissed because prosecutors are immune from suit. The United States Supreme Court in *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." *Id*. at 427. This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.* at 430; s*ee also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993) (Prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity while a

6

prosecutor acting in an investigatory or administrative capacity is only entitled to qualified immunity).

Allen has failed to allege Prosecutor Dean engaged in any conduct other than actions taken in connection with his duties as a prosecuting attorney. Accordingly, Prosecutor Dean is entitled to absolute immunity. *See also Brodnicki v. City of Omaha*, 75 F.3d 1261 (8th Cir. 1996) (County prosecutors were entitled to absolute immunity from suit). Allen's claims against Prosecutor Dean fail as a matter of law.

### C. State of Arkansas

Allen's claims against the State of Arkansas must be dismissed. States and state agencies are not persons subject to suit under § 1983. *Howlett v. Rose*, 496 U.S. 356 (1990); *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989); *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). "This bar exists whether the relief sought is legal or equitable." *Williams v. Missouri*, 973 F.2d 599, 599-600 (8th Cir. 1992) (citing *Papasan v. Allain*, 478 U.S. 265, 276 (1986)). "Congress did not abrogate constitutional sovereign immunity when enacting the law that was to become section 1983." *Burk v. Beene*, 948 F.2d 489, 493 (8th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332, 342 (1979)).

### D. Excessive Bail

The Eighth Amendment to the United States Constitution provides that "[e]xcessive bail shall not be required." Likewise, Article 2, § 9 of the Arkansas Constitution provides that "[e]xcessive bail shall not be required." Bail is a conditional privilege designed to allow those awaiting trial to be released but "on an amount reasonably calculated to hold the accused available for trial." *Stack v. Boyle*, 342 U.S. 1, 8 (1951). It is the judge who determines bail. A judge's

decision in setting bail is entitled to "great deference." *Harris v. United States*, 404 U.S. 1232 (1971). When setting bail in Arkansas, the judge considers the following factors: employment status, family relationships, past and present residence, character, the nature of the charges and likelihood of conviction, and the defendant's prior criminal record. Ark. R. Crim. P. 9.2. The amount of bail rests in the reasonable discretion of the trial court. *Foreman v.* State, 875 S.W.2d 853, 854 (1994).

As discussed above, Judge Lindsay and Prosecutor Dean are immune from suit. Because Defendants Washington County, Sheriff Tim Helder, and the Clerk Kyle Sylvester were not involved in setting Allen's bail, no claim is stated against them. Allen is advised that he may raise the issue of the excessiveness of his bail in state court by filing a motion for reduction of bail in the Washington County Circuit Court.

### E. Speedy Trial

The remedy for alleged speedy trial violations is the filing of a motion to dismiss the charge in the appropriate court. Ark. R. Crim. P. 28.1. Allen is directed to raise this issue in the Washington County Circuit Court.

The Court notes that during the time Allen has been incarcerated the COVID-19 global pandemic brought a halt to jury trials in Arkansas beginning on March 17, 2020. The Arkansas Supreme Court enter a series of per curiam orders suspending all criminal jury trials that were not already in progress as of March 17, 2020, and it ordered that for criminal trials any delay for speedy-trial purposes shall be deemed to presumptively constitute good cause under Arkansas Rule of Criminal Procedure 28.3(h). *See In re Response to the COVID-19 Pandemic,* 2020 Ark. 116 (per curiam); *In re Response to the COVID-19 Pandemic,* 2020 Ark. 249 (per curium); *In re*

*Response to the COVID-19 Pandemic,* 2020 Ark. 384 (per curiam); *In re Response to the COVID-19 Pandemic*, 2021 Ark. 1 (per curiam); and, *In re Response to the COVID-19 Pandemic,* 2021 Ark. 30 (per curiam). The Arkansas Supreme Court ended the suspension of jury trials as of May 1, 2021. *In re Response to COVID-19 Pandemic*, 2021 Ark. 72 (per curiam). While it is entirely understandable that Allen is frustrated by the delays in his criminal cases caused in large part by the COVID-19 pandemic, the COVID-19 Pandemic has caused enumerable delays in both state and federal court proceedings and caused disruption in virtually all aspects of life.

### F. Unlawful Detention

Other than asserting his detention is unlawful and making broad sweeping statements as to the constitutional provisions or laws Allen believes have been violated, the Complaint contains virtually no factual allegations. Allen does not allege that either the arrest or the parole revocation warrants were invalid. Instead, he indicates in the Complaint that he is in jail awaiting trial on pending criminal charges and is serving a term of imprisonment because of his parole revocation. (ECF No. 1 at 5).

Arrest pursuant to a facially valid warrant does not violate the Fourth Amendment. *Peterson v. City of Pine River*, 36 F. Supp. 3d 843, 853 (D. Minn. 2014). The court set bail, but Allen apparently did not have the funds to post bail and, therefore, has remained in the detention center. "The sort of unlawful detention remediable by the tort of false imprisonment is detention *without legal process*." *Wallace v. Kato*, 549 U.S. 384, 389 (2007) (emphasis in original) (citations omitted). Allen's false imprisonment claim fails as he is being detained pursuant to lawful process.

### G. Court Clerk Kyle Sylvester

"Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process unless the clerks acted in the clear absence of all jurisdiction." *Boyer v. County of Washington*, 971 F.2d 100, 101 (8th Cir. 1992)(cleaned up); *see also Smith v. Erickson*, 884 F.2d 1108, 1111 (8th Cir. 1989) (explaining that federal court clerk, who allegedly impeded inmate's access to the courts by intentionally delaying the filing of his original complaint and by lying to him about its whereabouts, was entitled to judicial immunity because "the filing of complaints and other documents is an integral part of the judicial process"); *Davis v. McAteer*, 431 F.2d 81, 82 (8th Cir. 1970) (holding state court clerk who allegedly lost court file entitled to absolute immunity).

Allen does not describe any specific actions taken by Clerk Sylvester. If Allen's claim is based on Clerk Sylvester having issued one or more of the failure to appear warrants, this is clearly a task that is an integral part of the judicial process. No plausible claim has been stated against Clerk Sylvester.

### H. Deprivation of Property

The Due Process Clause of the Fourteenth Amendment provides that "[n]o state shall . . . deprive any person of life, liberty, or property, without due process of law." *Walters v. Wolf*, 660 F.3d 307, 311 (8th Cir. 2011) (*quoting* U.S. Const. Amend. XIV, § 1).[6] "Procedural due process imposes constraints on governmental decisions which deprive individuals of liberty or property interests within the meaning of the Due Process Clause of the . . . Fourteenth Amendment." *Matthews v. Eldridge*, 424 U.S. 319, 332 (1976) (internal quotation marks omitted). "In some

---

[6] Article 2, § 8 of the Arkansas Constitution guarantees that no person "shall be deprived of life, liberty, or property, without due process of law."

10

circumstances . . . the Court has held that a statutory provision for a postdeprivation hearing, or a common-law tort remedy for erroneous deprivation, satisfies due process." *Zinermon v. Burch*, 494 U.S. 113, 128 (1990). Specifically, when the deprivation is the result of a random and unauthorized act and not pursuant to some established state procedure, the Court has held that "adequate postdeprivation remedies satisfy the requirements of due process." *Walters*, 660 F.3d at 312 (citations omitted). "The loss of property . . . is in almost all cases beyond the control of the State, in most cases it is not only impracticable, but impossible, to provide a meaningful hearing before the deprivation." *Id.*

Here, Allen maintains he has lost everything as a result of his imprisonment. However, his imprisonment is pursuant to lawful authority. Arrest warrants were issued; Allen appeared before the Court; and bail was set. The fact that Allen has been unable to post the bail is not the result of actions taken by the Defendants. Allen can file a motion for a reduction of bail in the Washington County Circuit Court. Allen is entitled to no further process. No plausible claim is stated.

### I. Official Capacity Claims / Washington County

Allen has failed to allege plausible official capacity claims against any of the Defendants. Official capacity claims are "functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). In this case, Allen's official capacity claims against Sheriff Helder are treated as claims against Washington County. Allen's official claims against Defendants Judge Lindsay, Prosecutor Dean, and Clerk Sylvester are treated as claims against the State of Arkansas. *See Murray v. Lene*, 595

F.3d 868, 873 (8th Cir. 2010). As noted above, the State of Arkansas is not subject to suit. This leaves only Allen's official capacity claims against Washington County.

"[I]t is well established that a [county] cannot be held liable on a *respondeat superior* theory, that is, solely because it employs a tortfeasor." *Atkinson v. City of Mountain View, Mo.*, 709 F.3d 1201, 1214 (8th Cir. 2013). To establish municipal liability under section 1983, "plaintiff must show that a constitutional violation was committed pursuant to an official custom, policy, or practice of the governmental entity." *Moyle v. Anderson*, 571 F.3d 814, 817 (8th Cir. 2009) (citation omitted). To establish the existence of an unconstitutional policy, the Plaintiff must point to "a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Mettler v. Whitledge*, 165 F.3d 1197, 1204 (8th Cir. 1999).

Plaintiff fails to identify any custom, policy, or practice of Washington County which violated his constitutional rights. Accordingly, Allen's official capacity claims should be dismissed.

### J.   Debt Bondage, Involuntary Servitude, Kidnapping

Allen alleges a claim for involuntary servitude. He indicates he is being held in "debt bondage" and is the victim of kidnapping. The "debt bondage" Allen is referring to is the fact that he has insufficient funds to post bail. For the reasons stated above, any excessive bail claim fails to state a claim. Further, Allen has also indicated that he is in jail as a result of his probation revocation. Likewise, any claim of kidnapping fails as Allen was arrested pursuant to legal process and is being held pending criminal trial and while serving the term of his probation revocation.

Allen does not allege that he is being required to perform any type of work; however, even if he were, the Thirteenth Amendment's prohibition against involuntary servitude would not be broken. Detainees may be required to perform general housekeeping duties, both in their own cells and in common areas, *see e.g., Martinez v. Turner*, 977 F.2d 421, 423 (8th Cir. 1992) ("compelling pretrial . . . detainees to perform general housekeeping duties . . . does not violate the Thirteenth Amendment"), and prisoners may be required to perform work without violating the Thirteenth Amendment, U.S. Const. amend. XIII, § 1 ("[n]either slavery nor involuntary servitude, except as a punishment for crime where of the party shall have been duly convicted, shall exist within the United States. . . .").[7]

### K. Indebtedness and Payment in Gold and Silver

Allen maintains the Defendants have violated the United States Constitution by issuing a form of indebtedness that violates the Constitutional prohibition against states making anything but gold or silver a tender in payment of debts. As with some of Allen's other claims, he makes no factual allegations, so the Court presumes he is referring to the amount of his bail and the fact that it is payable in United States currency. Article I, § 10, clause 1 of the United States Constitution precludes states from making anything but gold and silver tender in payment of debts. However, Article I, § 8, clause 5 of the Constitution provides Congress with the authority to "coin Money, and regulate the Value thereof." This clause gives Congress the exclusive ability to determine what legal tender will be. *The Legal Tender Cases*, 110 U.S. 421, 446 (1884); *United States v. Rifen*, 577 F.2d 1111, 1113 (8th Cir. 1978). United States coin and currency are legal

---

[7] Article 2, § 27 of the Arkansas Constitution likewise precludes slavery and involuntary servitude, except as punishment for a crime.

tender for all debts. 31 U.S.C. § 5103.[8] No plausible claim is stated.

### L. Redress of Wrongs / Deceptive and Unconscionable Trade Practice

Here, Allen alleges that Defendants "are knowingly taking advantage of a consumer who is reasonbl[y] unable to protect his or her best interest because of ignorance, illiteracy, and inability to understand the language of the agreement which is [a] deceptive and unconscionable trade practice." He alleges this is in violation of Article 2, § 13 of the Arkansas Constitution,[9] the United States Constitution, the Bill of Rights and his civil rights or civil liberties.

Allen ignores the fact that States have the primary authority to define and enforce the criminal laws. *Brecht v. Abrahamson*, 507 U.S. 619, 635 (1993). Equally, prosecuting attorneys have the power to initiate criminal charges by information and have an affirmative duty to investigate crime. Ark. Const. amend 21; *Streett v. Stell*, 495 S.W.2d 846, 848 (1973). Allen is not a "consumer" in this context, nor are the State or the remaining Defendants engaging in "deceptive trade practices."[10]

### IV. CONCLUSION

For these reasons, it is recommended that:

(1) the Complaint be **DISMISSED WITHOUT PREJUDICE** as the claims asserted are

---

[8] *See Daniels v. Arkansas Power & Light Co.*, 601 S.W.2d 845, 845 (Ark. 1980) (check redeemable in federal reserve notes was legal tender under both the Constitutions of the United States and Arkansas).

[9] Article 2, § 13 provides: "Every person is entitled to a certain remedy in the laws for all injuries or wrongs he may receive in his person, property or character; he ought to obtain justice freely, and without purchase; completely, and without denial; promptly and without delay; conformably to the laws."

[10] The language utilized by Allen comes from the Arkansas Deceptive Trade Practices Act which provides that "deceptive and unconscionable practices made unlawful under this chapter include . . . knowingly taking advantage of a consumer who is reasonably unable to protect his or her interest because of: Physical Infirmity; Ignorance; Illiteracy; Inability to understand the language or agreement; or a similar factor." Ark. Code Ann. § 4-88-107(a)(8). "The elements of such a cause of action are (1) a deceptive consumer-oriented act or practice which is misleading in a material respect, and (2) injury resulting from such act." *Skalla v. Canepari*, 430 S.W.3d 72, 82 (Ark. 2013); Ark. Code Ann. § 4-88-113(f).

frivolous, are against persons immune from suit, and fail to state claims upon which relief may be granted, pursuant to 28 U.S.C. § 1915A;

(2) The dismissal of this case be found to constitute a strike pursuant to 28 U.S.C. § 1915(g) and the Clerk be directed to place a § 1915(g) strike flag on the case; and,

(3) The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this dismissal would not be taken in good faith.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this 30th day of June 2021.

/s/ Mark E. Ford
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE

15